## COHN *v.* COHN

(Two Appeals in One Record)

[No. 50, September Term, 1962.]

*Decided November 7, 1962.*

The cause was argued before BRUNE, C. J., and HENDERSON, PRESCOTT, MARBURY and SYBERT, JJ.

*Howard J. Needle,* with whom were *Sidney A. Needle* and *Needle, Willen & Needle* on the brief, for the appellant.

*Melvin S. Silberg,* with whom was *Samuel S. Levin* on the brief, for the appellee.

PER CURIAM.

Upon a careful reading of the record extract we find that the evidence supports the decree of Judge Byrnes, dated January 10, 1962, dismissing a wife's bill for permanent alimony which charged cruelty. Cf. *Egress v. Egress,* 202 Md. 510. We think, however, that Judge Harris was in error in signing a letter to counsel docketed on April 9, 1962, disallowing the wife's claim for the payment of costs of appeal and a counsel fee on appeal. The record shows that while the wife was employed and earned a moderate salary, the husband conducted his own business and, in addition to his earnings, had a net worth of some $24,000. We do not find that the appeal was so completely without merit on the facts, or that the wife was so affluent, as to warrant a denial of costs or fee. Cf. *Cohen v. Cohen,* 170 Md. 630, 639, *Timanus v. Timanus,* 178 Md. 640, 644 and *Smith v. Smith,* 196 Md. 219, 221. We may note that costs and a fee of $200.00 were allowed by Judge Byrnes in the trial below. We think a fee of $200.00 on appeal would be adequate under the circumstances. Cf. *Egress v. Egress, supra.*

In regard to the appellee's motion to dismiss the original appeal, which we denied, and his contention that the letter of Judge Harris was not a final order, it is sufficient to note that Judge Byrnes did not treat his Memorandum Opinion as final and actually later signed an order of dismissal and that Judge Harris' letter was evidently intended to serve the purpose of a final order. He apparently was not requested to, and in any event did not, sign a separate order. Such an order should have been obtained promptly after Judge Harris' letter was received. However, the insufficiency of Judge Harris' letter as an order was not raised in the appellee's motion to dismiss above referred to, and at one point in his brief is conceded to have been a final order, though he also now contends that it was not. In the circumstances we think that no useful purpose would be served by remanding the case now for the entry of a

'formal order and that we should treat the letter as the parties have done, that is, as a final order.

> *Decree of January 10, 1962, affirmed; order of April 9, 1962, reversed and case remanded for the passage of an order for the allowance of a fee as herein stated, costs to be paid by the appellee.*